UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV336 JCH |
| | ) | |
| DSP, LLC, dba The Haus Pizzeria & Bar, | ) | |
| | ) | |
| and DAVID MCDONALD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant David McDonald's (hereinafter "McDonald") Motion to Dismiss as a Party, filed October 15, 2014. (ECF No. 51). The motion is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Joe Hand Promotions, Inc. (hereinafter "Plaintiff") is a California corporation, with its principal place of business located in Campbell, California. (Second Amended Complaint (hereinafter "Complaint" or "Compl."), ¶ 5). By contract, Plaintiff obtained the exclusive nationwide television distribution rights to "*Ultimate Fighting Championship 127: BJ Penn v. Jon Fitch*" (hereinafter the "televised event"). (*Id.*, ¶ 9). The televised event took place on February 26, 2011, in New South Wales, Australia. (*Id.*). Prior to the televised event, Plaintiff entered into sublicensing agreements with various commercial entities throughout North America (i.e. hotels, sports bars, restaurants, etc.), including entities within the State of Missouri. (*Id.*, ¶ 10). These agreements granted limited sublicense rights to the contracting entities, which allowed them publicly to exhibit the televised event to their patrons. (*Id.*).

Defendant DSP, LLC is a limited liability company organized under the laws of the State of Missouri, and doing business as The Haus Pizzeria & Bar located in Ballwin, Missouri. (Compl., ¶ 6). Defendant McDonald was a member of DSP, LLC on the date at issue, February 26, 2011. (McDonald's Motion to Dismiss, ¶ 3). According to Plaintiff:

> With full knowledge that the [televised event] was not to be intercepted, received and exhibited by entities unauthorized to do so, the above-named Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the [televised event] at the time of its transmission at their Ballwin, Missouri location . . . Said unauthorized interception, publication, exhibition and divulgence by the Defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(Compl., ¶ 12). As a result, Plaintiff filed the instant Complaint against DSP, LLC and McDonald, alleging violations of 47 U.S.C. § 605 *et seq.* and 47 U.S.C. § 553 *et seq.*, as well as a state law conversion claim. (ECF No. 32).

In his Motion to Dismiss as a Party, McDonald fails to indicate whether his motion is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), or Rule 21. (*See* McDonald's Motion to Dismiss, ¶ 4). As explained below, the Court finds that McDonald's motion fails under either analysis.

## DISCUSSION

**I.     McDonald Fails To Establish Improper Joinder**

McDonald's request for dismissal from Plaintiff's Complaint cites Federal Rules of Civil Procedure Rule 21 as establishing the Court's authority to dismiss individuals from a lawsuit. (Defendant David McDonald's Memorandum in Support of his Motion to Dismiss as a Party (hereinafter "McDonald's Memo in Support"), ¶ 4). His argument for dismissal from the lawsuit, however, is based entirely on the theory that Plaintiff cannot state a claim against him because it fails to allege facts sufficient to pierce the corporate veil between DSP, LLC and

McDonald. (*Id.*, ¶¶ 2, 3). As a result, McDonald's motion reads as one to dismiss for failure to state a claim, rather than for improper joinder.

In any event, the Court finds McDonald was properly joined in this action pursuant to the Federal Rules of Civil Procedure governing permissive joinder. *See* Fed.R.Civ.P. 20(a)(2) (joinder of parties as defendants is proper if the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). District courts have discretion to determine whether joinder is appropriate, and their analysis is performed on a case by case basis. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-1333 (8th Cir. 1974). The purpose of permissive joinder is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* at 1332.

Here, Plaintiff's requested right to relief against McDonald and DSP, LLC arises out of the same transaction or occurrence, i.e., the alleged unlawful exhibition of the televised event. (Compl., ¶ 12). Furthermore, there are questions of fact common to both Defendants in the action, including whether or not the alleged unlawful exhibition in fact occurred. Therefore, Plaintiff properly joined McDonald as a Defendant in this suit.

## II. Plaintiff's Complaint Alleges Sufficient Facts To Withstand A Motion To Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted

if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

Both parties in the instant case have misstated the standard this Court applies to determine whether a member of a limited liability company may be liable in his or her individual capacity for claims arising under 47 U.S.C. § 605 or 47 U.S.C. § 553. For his part, McDonald claims that Plaintiff has to allege facts sufficient to "pierce the corporate veil" of the limited liability company, in order to bring a cause of action against him individually. (McDonald's Memo in Support, P. 2). Plaintiff, on the other hand, asserts that it need only show McDonald "had a right and ability to supervise the violations, and . . . a strong financial interest in such activities." (Plaintiff's Memorandum in Opposition to Defendant David McDonald's Motion to Dismiss, P. 6). Both standards are incorrect.

In *Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, the Eighth Circuit Court of Appeals addressed the issue of whether to impose individual liability against a corporate officer for committing unlawful acts under 47 U.S.C. § 553.[1] *Comcast*, 491 F.3d 938, 947 (8th Cir. 2007). The Court did not evaluate whether to pierce the corporate veil, nor did it apply a

---

[1] 47 U.S.C. § 605 and 47 U.S.C. § 553 are similar statutes, and courts apply the same analysis to both in the piracy context. *See Joe Hand Promotions, Inc. v. Sharp*, 885 F.Supp.2d 953, 954 n. 1 (D. Minn. 2012) (citing *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2nd Cir. 1996), and *Integrated Sports Media, Inc. v. Canseco*, 2012 WL 631851, at *4 (C.D. Cal. Feb. 27, 2012)).

vicarious liability standard. Instead, the Eighth Circuit considered whether there was a distinction between the individual's actions and those of the corporation. *Id.* Finding none, the Court held the individual defendant personally liable for the judgment. *Id.* In light of the foregoing, this Court must apply the Eighth Circuit standard to determine whether Plaintiff's Complaint contains sufficient alleged facts that there was "no distinction" between the actions of McDonald and those of DSP, LLC.[2]

As noted above, within its Complaint Plaintiff alleges that the "above-named Defendants," DSP, LLC and McDonald, engaged in conduct that violated 47 U.S.C. § 605 and 47 U.S.C. § 553, by unlawfully publicizing and exhibiting the televised event. (Compl., ¶¶ 12-14, 18-19). Plaintiff thus makes no distinction between the actions of McDonald and those of DSP, LLC within its Complaint. This Court has repeatedly held in factually analogous cases that such a short and plain statement is sufficient to withstand the motion to dismiss stage, because it puts McDonald on notice of the claims against him and the grounds upon which they rest.[3]

---

[2] Courts within the Eastern District of Missouri have repeatedly relied upon this standard to analyze this issue. *See, e.g.*, *J & J Sports Productions, Inc. v. Premium Lounge, Inc.*, 2014 WL 2711852, at *3 (E.D. Mo. June 16, 2014); *J & J Sports Productions, Inc. v. Garcia*, 2014 WL 2644194, at *3 (E.D. Mo. June 13, 2014).

[3] *See, e.g., Joe Hand Promotions, Inc. v. Hubbard*, 2013 WL 2319354, at *3 (E.D. Mo. May 28, 2013); *Joe Hand Promotions, Inc. v. Crossroads Restaurant & Lounge, Inc.*, 2013 WL 1787573, at *2 (E.D. Mo. April 25, 2013); *J & J Sports Productions, Inc. v. Premium Lounge, Inc.*, 2014 WL 2711852, at *3 (finding a "short and plain statement" sufficient to give notice and withstand a motion to dismiss, but noting that after discovery the record may or may not support personal liability on the part of the individual defendant).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant David McDonald's Motion to Dismiss as a Party (ECF No. 51) is **DENIED**.

Dated this 19th Day of November, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE