UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV336 JCH |
| | ) | |
| DSP, LLC, dba The Haus Pizzeria & Bar, | ) | |
| | ) | |
| and DAVID MCDONALD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant David McDonald's (hereinafter "McDonald") Motion to Dismiss Defendant DSP, LLC's (hereinafter "DSP") Cross-Claim, filed October 23, 2014. (ECF No. 58). The motion is fully briefed and ready for disposition.

**BACKGROUND**

DSP is a limited liability company organized under the laws of the State of Missouri. (Crossclaim for Breach of Purchase Agreement and Indemnification for Loss and Liability (hereinafter "DSP's Cross-Claim"), ¶ 1). Throughout 2011, McDonald was a member of DSP. (*Id.*, ¶ 5). On November 6, 2012, McDonald sold his interest in DSP. (*Id.*, ¶ 6). As part of the purchase agreement, McDonald represented to the buyer that he had been in compliance "with all requirements of law, federal, state and local . . ." (*Id.*, ¶ 9). In addition, he agreed to indemnify DSP with respect to "[a]ny and all losses, claims, lawsuits, injuries . . . arising due to acts occurring before the date of closing, made against [McDonald or DSP] by any person, entity or other, whether related to this transaction or whether related to any other matter or the operation of [DSP]." (*Id.*, ¶ 10).

On February 22, 2013, Plaintiff Joe Hand Promotions, Inc. (hereinafter "Plaintiff") filed a Complaint against DSP and McDonald. (ECF No. 1). In its Second Amended Complaint, filed April 4, 2014, Plaintiff asserts DSP and McDonald violated 47 U.S.C. § 605 *et seq.* and 47 U.S.C. § 553 *et seq.*, as well as committed conversion, by unlawfully exhibiting the *"Ultimate Fighting Championship 127: BJ Penn v. Jon Fitch"* on February 26, 2011. (ECF No. 32). In its cross-claim, filed April 21, 2014, DSP asserts that if Plaintiff's allegations are true, then McDonald breached the purchase agreement by not complying with federal and state law. (DSP's Cross-Claim, ¶ 14). DSP thus maintains McDonald must indemnify DSP with respect to Plaintiff's claims against DSP. (*Id.*, ¶ 15).

As stated above, McDonald filed the instant Motion to Dismiss DSP's Cross-Claim on October 23, 2014. (ECF No. 58). In his motion, McDonald notes that although DSP's cross-claim against him was filed on April 21, 2014, the alleged service of the cross-claim by U.S. mail did not occur until September 26, 2014. (Memorandum in Support of Defendant David McDonald's Motion to Dismiss Defendant DSP, LLC's Cross-Claim, ¶ 1). As a result, McDonald argues that this Court must dismiss DSP's cross-claim without prejudice under Federal Rules of Civil Procedure Rule 4(m), since more than 120 days passed between the filing of the cross-claim and service on McDonald. (*Id.*, ¶ 2).

## DISCUSSION

According to Federal Rules of Civil Procedure Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The Eighth Circuit Court of Appeals has noted that the definition of good cause under Rule 4(m) is "necessarily amorphous," and "largely dependent upon the facts of

each individual case." *Colasante v. Wells Fargo Corp.*, 81 Fed.Appx. 611, 613 (8th Cir. 2003). As a result, the Eighth Circuit established a two-step analysis that district courts must perform in determining motions to dismiss complaints premised on untimely service of process. *Id.* at 612. First, the district court *shall* extend the time for service if it finds good cause for the plaintiff's failure to serve the defendant within 120 days of filing. *See Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). Second, the district court *may* extend the time for service, rather than dismiss the case without prejudice, if the plaintiff establishes excusable neglect. *Id.*

Upon consideration, the Court holds it need not consider whether DSP has established good cause mandating the extension of the 120 day rule, as it finds that there exists excusable neglect warranting the Court's discretionary extension. District courts may find excusable neglect based on the totality of the circumstances involved in the case, such as the length of the delay and its impact on judicial proceedings, the potential prejudice to the defendant, the reason for the delay, and whether the party acted in good faith. *See Kurka*, 628 F.3d at 959. Since Plaintiff currently has an active lawsuit against DSP and McDonald, the Court finds strict compliance with Rule 4(m) would only further delay the proceedings. In addition, McDonald has received notice of the claims against him, and is not prejudiced by the Court hearing Plaintiff's claims and DSP's cross-claim against him in the same proceeding. Finally, the Court's review of the record reveals no indication of bad faith on DSP's part.[1]

---

[1] In light of the above ruling, the Court need not consider DSP's additional arguments in favor of denying McDonald's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant David McDonald's Motion to Dismiss Defendant DSP, LLC's Cross-Claim (ECF No. 58) is **DENIED**.

Dated this  21st  Day of November, 2014.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE